UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-113 |
| : | |
| SCOTT DEL MASSON, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Sentencing Memorandum as to Defendant Scott Del Masson (herein, "defendant"). For the reasons set forth below, the United States respectfully recommends that the Court impose a sentence of time-served and one year supervised release, to include a condition that the defendant stay away from the White House Complex.

### FACTUAL AND PROCEDURAL BACKGROUND

*Factual Proffer*

On Tuesday, December 8, 2020, Officer Marcus Lemon of the United States Secret Service (USSS) was on duty and in full police uniform near the corner of West Executive Avenue and Pennsylvania Avenue NW. Officer Lemon was located inside the restricted area surrounding the White House.

At approximately 9:58 am, Officer Lemon observed a man later identified as Scott Del Masson wearing a heavy brown jacket and walking within the restricted area on Pennsylvania Avenue. Officer Lemon observed Masson walking towards the fence that was blocking off the construction area for the Inauguration stands and then walk towards a pedestrian entrance to the

1

White House grounds. Officer Lemon observed that Masson appeared lost and approached him. Officer Lemon asked Masson if he was working on the Inauguration stands. He said "No." Officer Lemon also asked whether Masson had a pass and he said "No, no." Officer Lemon then called another USSS post and verified that Pennsylvania Avenue was closed to the public at that time, which was confirmed. Officer Lemon told Masson that he was not allowed to be in the area and that only people with passes or appointments were allowed. Officer Lemon instructed Masson to leave and pointed him towards 17th Street and Pennsylvania Avenue where he could exit the restricted area.

Masson began walking westbound towards 17th Street and Pennsylvania Avenue, but then stopped, still within the restricted area, in front of the Dwight D. Eisenhower Building. The Dwight D. Eisenhower Building is adjacent to the White House and within the restricted area that surrounds the White House. Officer Lemon told Masson he had to keep moving, again trying to direct him towards 17th Street and Pennsylvania Avenue. Masson stepped up on a fixed park bench in front of the north fence line of the Dwight D. Eisenhower Building and then jumped over the fence and into the northeast courtyard of the Dwight D. Eisenhower Building. Officer Lemon saw Masson stumble upon landing and then get up. Seeing that Masson was now farther inside the restricted area, and believing that he would continue moving farther into the restricted area, Officer Lemon immediately followed Masson, jumping over the fence and into the courtyard. Officer Lemon grabbed Masson and placed him under arrest.

Records checks revealed that Scott Del Masson has identified by other names including Nickolas Del Mitchel, Nikolas Del Mitchel, and Mitchell Del Nickolas. USSS law enforcement personnel previously interviewed Masson on June 11, 2020 near the southwest corner of Lafayette Park. Masson told USSS personnel that he wanted to speak to the President of the United States.

Masson said that he hitchhiked from Missouri and had been in the Washington, D.C. area for the last four weeks. He said that he came to the White House to meet with, "Darryl" and President Trump. When asked who, "Darryl" was, Masson explained he was the head of Congress. Masson was also interviewed by USSS law enforcement personnel on June 18, 2020 in Lafayette Park. Masson said that he wanted to speak with "Darryl" in regards to his children. He said that since everyone knows Darryl, President Trump may also know him.

Pursuant to a plea agreement, the defendant will enter a plea of guilty to Count I of the Information filed in this case, charging a violation of 18 U.S.C. § 1752(a)(1). In accordance with the plea agreement, the government intends to dismiss the remaining count of the Information at the time of sentencing. Also pursuant to the plea agreement, the defendant has agreed not to oppose the following additional condition on any period of supervised release or probation:

a. the defendant will stay away from the area around the White House that is bounded by, and including, K Street, NW; 13th Street, NW; Pennsylvania Avenue, NW; 12th Street, NW; Constitution Avenue, NW; and 19th Street, NW.

## DISCUSSION AND RECOMMENDATION

### I. Generally Applicable Legal Principles

When determining the appropriate sentence, the court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –

        (i) issued by the Sentencing Commission ...; and

        (ii) that, . . . are in effect on the date the defendant is sentenced; ...

(5) any pertinent policy statement –

    (A) issued by the Sentencing Commission ... and

    (B) that, . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## II. Defendant's Sentencing Guidelines Calculation

### A. Total Offense Level

The base offense level for violations of 18 U.S.C. 1752(a)(1) is governed by U.S.S.G. § 2B2.3(a). Because the offense occurred at the White House or its grounds, the base offense level is 8. Because the defendant demonstrated timely acceptance of responsibility, 2 points are

subtracted for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Accordingly, the adjusted offense level is 6.

### B.  Criminal History Category

Based on available information, including the Pretrial Services Report (ECF # 5), the defendant has at least the following criminal convictions:

| Arrest Date | Charge/Court | Disposition Date and Sentence | Guidelines | Criminal Hist. Pts. |
|---|---|---|---|---|
| 6/6/2019 | Resisting Arrest / St. Clair County Circuit Court (Missouri) | 6/19/2019, 2 years' probation (probation scheduled to end 6/19/2021) | 4A1.1(c) | 1 |
| 10/19/2014 | Driving Under Influence / Henry County Circuit Court (Missouri) | 1/20/2015, 30 days/30 days suspended, 2 years' probation | 4A1.1(c) | 1 |

Because the instant offense was committed while the defendant was on probation, an additional two criminal history points are added pursuant to U.S.S.G. § 4A1.1(d). Accordingly, the government estimates that the defendant has 4 criminal history points, corresponding to Criminal History Category III.

### C.  Sentencing Guidelines Range

With an adjusted offense level of 6 and Criminal History Category III, the defendant's applicable guidelines range is 2 months to 8 months incarceration for the violation of 18 U.S.C. § 1752(a)(1).  For a defendant convicted of a Class A misdemeanor, the court may also impose a term of not more than one year of supervised release to follow imprisonment. *See* 18 U.S.C.

§ 3583(b)(3). Pursuant to U.S.S.G. § 5D1.2(a)(3), if a term of supervised release is ordered for a defendant convicted of a Class A misdemeanor, the guidelines range is one year.

### III.   Sentencing Recommendation

The government recommends a sentence of time-served, to be followed by one year of supervised release with the condition that the defendant stay away from the White House Complex. The defendant has been detained since his arrest on December 8, 2020. As the defendant will have been detained 73 days as of February 18, 2021, a time-served sentence equates to a period of incarceration within the guidelines range. This recommended sentence balances the defendant's acceptance of responsibility with the seriousness of the offense. As the defendant has displayed a fixation with the White House Complex, the incorporation of a stay away condition addresses the sentencing goals of deterrence and protection of the public, while taking into account available sentencing options.

## IV.     Conclusion

For the foregoing reasons, the government recommends that the Court sentence the defendant to time-served, to be followed by one year supervised release, for the 18 U.S.C. § 1752(a)(1) offense. The government submits that this sentence will serve the interests of justice and appropriately balance the sentencing factors under 18 U.S.C. § 3553(a).

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
New York Bar Number 4444188

By: *Mary A. Freeman*
MARY A. FREEMAN
Wyoming Bar No. 7-5473
Special Assistant U.S. Attorney
Federal Major Crimes
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Mary.Freeman@usdoj.gov
(202) 803-1628