UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.   1:20-mj-238 |
| | : | |
| SCOTT DEL MASSON, | : | |
| | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I. **Summary of the Plea Agreement**

The defendant, Scott Del Masson ("Masson"), agrees to plead guilty to Count One of the Information in Case No. 1:20-mj-238, charging him with knowingly entering and remaining, and attempting to enter and remain, in a restricted building and grounds, that is, the White House Complex and grounds, in violation of 18 U.S.C. § 1752(a)(1).

II. **Elements of the Offense**

The essential elements of the offense of knowingly entering and remaining, and attempting to enter and remain, in a restricted building and grounds, in violation of 18 U.S.C. § 1752(a)(1), each of which the government can prove beyond a reasonable doubt, are:

1. The defendant knowingly entered or remained in a restricted building or grounds as defined by 18 U.S.C. § 1752(c)
2. The defendant had no lawful authority to do so

III. **Penalties for the Offense**

The penalty for knowingly entering and remaining, and attempting to enter and remain, in a restricted building and grounds, in violation of 18 U.S.C. § 1752(a)(1) is as follows:

(A)   a maximum sentence of not more than one year of imprisonment;

1

(B) a fine of not more than $100,000, pursuant to 18 U.S.C. § 3571(b)(5);

(C) a term of supervised release of not more than one year;

(D) a special assessment of $25.

Pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2018), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

## IV. Brief Statement of Facts

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

### A. Entering or Remaining in Restricted Building or Grounds

The White House complex, which includes, among other things, the White House Mansion and the White House grounds, is a restricted area in Washington, D.C. Only people with authorized access are permitted inside the White House complex, which has both permanent and movable security barriers surrounding it ("security barriers"). There are signs posted along the security barriers that state "Restricted Area, Do Not Enter." On Tuesday, December 8, 2020, the restricted area around the White House included the closure of Lafayette Park from 17th Street to 15th Street, up to H Street Northwest in preparation for Inauguration Day.

On Tuesday, December 8, 2020, Officer Marcus Lemon of the United States Secret Service (USSS) was on duty and in full police uniform near the corner of West Executive Avenue and Pennsylvania Avenue NW. Officer Lemon was located inside the restricted area surrounding the White House.

At approximately 9:58 am, Officer Lemon observed a man later identified as Scott Del Masson wearing a heavy brown jacket and walking within the restricted area on Pennsylvania

2

Avenue. Officer Lemon observed Masson walking towards the fence that was blocking off the construction area for the Inauguration stands and then walk towards a pedestrian entrance to the White House grounds. Officer Lemon observed that Masson appeared lost and approached him. Officer Lemon asked Masson if he was working on the Inauguration stands. He said "No." Officer Lemon also asked whether Masson had a pass and he said "No, no." Officer Lemon then called another USSS post and verified that Pennsylvania Avenue was closed to the public at that time, which was confirmed. Officer Lemon told Masson that he was not allowed to be in the area and that only people with passes or appointments were allowed. Officer Lemon instructed Masson to leave and pointed him towards 17th Street and Pennsylvania Avenue where he could exit the restricted area.

Masson began walking westbound towards 17th Street and Pennsylvania Avenue, but then stopped, still within the restricted area, in front of the Dwight D. Eisenhower Building. The Dwight D. Eisenhower Building is adjacent to the White House and within the restricted area that surrounds the White House. Officer Lemon told Masson he had to keep moving, again trying to direct him towards 17th Street and Pennsylvania Avenue. Masson stepped up on a fixed park bench in front of the north fence line of the Dwight D. Eisenhower Building and then jumped over the fence and into the northeast courtyard of the Dwight D. Eisenhower Building. Officer Lemon saw Masson stumble upon landing and then get up. Seeing that Masson was now farther inside the restricted area, and believing that he would continue moving farther into the restricted area, Officer Lemon immediately followed Masson, jumping over the fence and into the courtyard. Officer Lemon grabbed Masson and placed him under arrest.

Records checks revealed that Scott Del Masson has identified by other names including Nickolas Del Mitchel, Nikolas Del Mitchel, and Mitchell Del Nickolas. USSS law enforcement

3

personnel previously interviewed Masson on June 11, 2020 near the southwest corner of Lafayette Park. Masson told USSS personnel that he wanted to speak to the President of the United States. Masson said that he hitchhiked from Missouri and had been in the Washington, D.C. area for the last four weeks. He said that he came to the White House to meet with, "Darryl" and President Trump. When asked who, "Darryl" was, Masson explained he was the head of Congress. Masson was also interviewed by USSS law enforcement personnel on June 18, 2020 in Lafayette Park. Masson said that he wanted to speak with "Darryl" in regards to his children. He said that since everyone knows Darryl, President Trump may also know him.

    This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crime. This Statement of the Offense fairly and accurately summarized and describes some of the defendant's actions and involvement in the offense to which he is pleading guilty.

Respectfully submitted,

Michael R. Sherwin
Acting United States Attorney
N.Y. Bar No. 4444188

By: _____
MARY A. FREEMAN
Wyoming Bar No. 7-5473
Special Assistant U.S. Attorney
Federal Major Crimes
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Mary.Freeman@usdoj.gov
(202) 803-1628

_____

     I have read this Statement of Offense and carefully reviewed every part of it with my attorney, Michelle Peterson.  I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters relating to it.  I fully understand this Statement of Offense and voluntarily agree to it.  No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this Statement of Offense.  No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

Date: __2/17/21_____        Signed on behalf of Mr. Masson
                                                                     Scott Del Masson
                                                                     Defendant

     I have read this Statement of Facts and carefully reviewed it with my client and discussed it fully.  I concur in my client's agreement with, and acceptance of, this Statement of Facts.

Date: __2/17/2021_____        _____
                                                                     Michelle Peterson
                                                                     Attorney for Defendant